## D. M. OSBORNE ET AL.

### v.

## PATRICK DWYER ET AL.

VERDICT UNSUPPORTED BY EVIDENCE.—The court is of opinion that the verdict in this case is not sustained by the evidence. For the defect in the machine bought, if a real one, appellees had a right to return it; but not having returned it, if they have any right of recovery at all, they must account for the actual value of the machine.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed June 27, 1883.

Messrs. BLINN & HOBLITT and Mr. E. B. SHERMAN, for appellant; that it was competent to prove by witnesses who had

bought a machine made upon the same model, that the binders used by them would cut and bind grain in compliance with the terms of the warranty, cited Ames v. Quimby, 106 U. S. 342; Gauson v. Madigan, 13 Wis. 67; Buchanan v. Collins, 42 Ala. 419; Tilton v. Miller, 66 Penn. St. 388.

Where the evidence is conflicting, each party has a right to have the jury clearly and accurately instructed as to the law of the case: I. C. R. R. Co. v. Maffitt, 67 Ill. 431; Lyenberger v. Paul, 12 Bradwell, 635.

Mr. E. LYNCH and Messrs. BEACH & HODNETT, for appellees.

McCULLOCH, P. J. This was a suit brought by appellant against the appellees, to recover upon a promissory note, the same being given for a harvester with combined wire and twine binder attachment. From the unsatisfactory manner in which the transcript of the proceedings in the circuit court is made up, it is impossible for us to tell what the issues that were submitted to the jury really were. On the 22d day of September, 1882, pleas of *non assumpsit, nul tiel* corporation, and want of consideration for the note sued on, were filed and issues joined thereon. At a subsequent term, when the case was called for trial, defendants took leave to file additional pleas. Several pleas were filed, which do not now appear in the transcript. To the first, second, fourth and fifth, a demurrer was sustained, and defendants took leave to amend the first, fourth and fifth, and stood by the second. Then a demurrer was overruled to the first and fourth amended pleas and sustained to the fifth. Defendants stood by their fifth amended plea and took leave to file an additional one called the sixth. Only two of these pleas appear in the transcript, namely, the fifth, to which a demurrer had been sustained, and the sixth, to which there is no replication.

The fifth plea is an attempt to set off damages resulting to the defendants from a breach of warranty of the machine for which the note sued on was given, and the sixth is probably intended for a plea of recoupment, or of failure of con-

Osborne v. Dwyer.

sideration in consequence of a breach of the same warranty. This warranty is in the following language: " All our machines are warranted to be well built, of good material and capable of cutting, if properly managed, from ten to fifteen acres per day. If on the starting a machine, it should in any way prove defective and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it can not then be made to do good work, the defective parts will be replaced, or the machine taken back and the payments of money or notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty.

(Signed)     " D. M. OSBORNE & Co."

What became of the other pleas, or whether any issues were joined thereon or not, the record does not show. The jury returned a verdict in favor of defendants for the sum of $292,94, of which sum defendants remitted $146.46, and judgment was rendered for the balance, to wit, $148.48. To reverse this judgment the plaintiff in the court below brings the cause to this court by appeal.

From the fact that judgment was rendered in favor of the defendants as above stated, as well as from the substance of the instructions given by the court to the jury, we assume that a plea of set-off was filed and issue joined thereon, claiming damages from appellant for a breach of warranty.

It appears from the evidence that the machine was sold for $260, for which sum appellees gave their two promissory notes for $130 each, the first one (that in suit) becoming due October 1, 1881, and the second one a year thereafter. The second note appears to have been assigned before maturity. The verdict of the jury not only satisfied the first note sued on but in addition thereto gave appellees, as damages resulting from the breach of the warranty, a sum equal to the sum then due upon both notes. They, however, remitted one half the verdict, after which the court rendered judgment in their favor for the amount of the second note and interest, thus virtually

paying both notes with the amount of damages resulting from the breach of the warranty.

Had the machine been returned by the defendants, and had the plea of set-off claimed a return of the purchase money, we do not say that such a finding might not have been sustained. But the case was not tried upon that hypothesis, and we do not feel called upon to decide that question.

The court, in substance, directed the jury that, if they believed from the evidence that the note was given for a machine sold under the foregoing warranty, and that the warranty was broken in the manner pointed out in the instruction, then the defendants would be entitled to recover as damages therefor, the difference between the value of said machine if it had been *as warranted*, and what the same was *actually worth*, to be set off against the note sued on, and if such damages exceeded the amount of the note, then the defendants would be entitled to a judgment for such excess, to the extent of the second note.

It will be observed that the right of recovery, on account of the breach of warranty, is not placed upon the ground that the machine had been returned. Had the provisions of the contract in this particular been followed, by returning the machine, then, as we decided in Osborne v. Flood, 11 Bradwell, 408, the damages for the breach must, in any event, have been limited to the return of the purchase money, for so it is stipulated in the contract. If, therefore, any state of facts can arise under this contract, which would entitle appellees to measure their damages by the difference between the value the machine would have had, if it had fulfilled the warranty, and what it was actually worth, it must rest upon the hypothesis that they did not return the machine. We assume therefore that the plea, under which this recovery was had, conformed to the instructions given to the jury, and that it did not allege that the machine had been returned. If it had so alleged, then as already seen the instruction would have been erroneous, on account of its giving an improper rule for the measure of damages.

The sixth plea, which appears in the record, does make

some attempt to show that the machine was returned, but that is not the plea under which this recovery was had, for it is not a plea of set-off.

Assuming, therefore, that the instruction of the court conforms to the plea, we are to inquire whether or not the verdict under that plea is sustained by the evidence. The effect of the verdict and judgment is that appellees are to keep the machine and pay nothing for it. It certainly was worth something, and whatever that value was, it should have been deducted from what it would have been worth if the warranty had been fulfilled. The market value of the machines at the place where this one was sold, and as warranted, was $260. In some other localities they were sold as high as $275, and in one place as high as $310. But the evidence shows that at the place of sale the price agreed upon was the market value of the machine. The verdict of the jury, before the remittitur, said it would have been worth at least $3 :0 when sold, and as warranted, but as it was, it was really worth nothing. The judgment of the court, after the remittitur, says the machine, as warranted, would have been worth $260, but in the condition it was, it was worth nothing.

The proof is very clear that the machine worked well as a wire binder, or as a simple reaper without any binder attachment at all. The only trouble about it was that it failed to work well as a twine binder. This was the only complaint they had to make concerning it. For this defect, if it was a real one, they had a right to return it. But not having returned it, if they have any right of recovery at all, they must account for its actual value. The proof is meager upon this point, but one dealer in such machines says it was worth $180 as a simple harvester without any binder attachment. As a wire binder it would be worth still more. In fact the machine would do all that was required of it, except bind the sheaves with twine. This, in the eyes of the purchasers, was doubtless a very serious fault, and if their objection was well grounded they had a perfect right to return it. If after offering to return it, as they say they did, they then concluded to keep it, the least they can do is to account to the seller for

its real value.   This we think has not been done, and for this reason the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.